## LOBEL-ANDREWS CO. v. P. J. CARLIN CONST. CO.

(Supreme Court, Appellate Term. June 27, 1907.)

JUDGMENT—CONFORMITY TO PLEADINGS—AMOUNT ADMITTED BY DEFENDANT.
In an action on a contract, where it was shown that plaintiff had failed to complete the contract, but defendant admitted a certain indebtedness in the answer, though the record did not show an offer of judgment, plaintiff was entitled to a judgment for the amount admitted, with costs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 434-445.]

Appeal from City Court of New York.

Action by the Lobel-Andrews Company against the P. J. Carlin Construction Company. From a judgment for defendant, plaintiff appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Julius Miller, for appellant.
John C. Wait (G. H. D. Foster, of counsel), for respondent.

PER CURIAM. The parties entered into a contract by which the plaintiff was to do the "ornamental" work in a building being erected by the defendant. To the contract was attached the specifications, and the plaintiff contracted with full knowledge of what those specifications contained. A portion of the specifications was known as "subdivision k," under which work was to be done as therein specified, and a part of such work was done by plaintiff; but it subsequently refused to complete the work included in that subdivision, and brought an action for the full contract price, claiming that the work specified under such subdivision was not "ornamental," but "structural," work. The court below held that all the work mentioned in the specifications was "ornamental," and that seems to be supported by the testimony.

The complaint was dismissed by the trial judge, and we should affirm the judgment, except that the defendant admitted in its answer and

conceded upon the trial that it was indebted to the plaintiff in the sum of $67.12. Judgment for that amount should have been given for the plaintiff, instead of a dismissal of the complaint. The defendant's attorney claims in his brief that an offer of judgment was made the plaintiff of the admitted amount due. There is nothing in the record showing that to be the case. The answer avers that "the defendant has offered to plaintiff [said sum] in settlement of its claim." At the close of the evidence the defendant moved for judgment and a dismissal of the complaint, saying, among other things, "He can enter judgment for $67.12, which we have admitted was due them," but still insisted on a dismissal of the complaint, which was granted. It does not appear, therefore, that any offer of judgment was made in any way that would have entitled the plaintiff to legally enter a judgment thereon; but judgment in favor of the plaintiff should have been given upon the trial according to the admission in the answer.

Judgment modified, by directing judgment for the plaintiff for the sum of $67.12 and appropriate costs in the court below, and, as modified, affirmed, with costs to appellant.